IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

VASU D. KAKWANI,

Plaintiff,

No. CIV S-05-2388 MCE GGH PS

vs.

CALIFORNIA DEPARTMENT OF OF ALCOHOL AND DRUG PROGRAMS,

Defendants.

FINDINGS & RECOMMENDATIONS

_________________________________/

This action, in which plaintiff is proceeding pro se, has been referred to the undersigned pursuant to E.D. Cal. L.R. 72-302(c)(21). The plaintiff filed this action against the California Department of Alcohol and Drug Programs on November 28, 2005. The defendant's answer and motion to dismiss were filed on December 19, 2005. On December 21, 2005, the plaintiff filed an amended complaint, to which the defendant responded with a motion to dismiss on December 28, 2005. On March 20, 2006, following a hearing before this court on March 9, 2006, that ordered dismissal of the plaintiff's original and amended complaints, the plaintiff filed a second amended complaint. The defendant responded on March 24, 2006, to this second amended complaint with a motion to dismiss and answer. The plaintiff filed a response to the defendant's motion to dismiss on April 3, 2006.

BACKGROUND

The plaintiff is employed by the defendant as an Associate Management Auditor. The plaintiff makes several allegations in his complaint regarding his current employment. First, the plaintiff alleges that the defendant violated Title VII of the Civil Rights Act by refusing to promote the plaintiff for an open position as a Supervising Governmental Auditor I because of his race and national origin, choosing instead to hire a less qualified white male for the position. Second, the plaintiff alleges that his organization retaliated against him following his complaints about the hiring. Third, the plaintiff alleges that the defendant has failed to make reasonable accommodations for his diabetic condition in violation of the Americans with Disabilities Act.

The motion to dismiss the second amended complaint presently pending before the court is based upon the defendant's contention that it is immune from suit under the 11th Amendment; that the plaintiff has failed to comply with the pleading requirements of the Federal Rules of Civil Procedure; that the plaintiff has failed to state a basis for the court's jurisdiction; and that the doctrine of primary jurisdiction requires the court to dismiss or stay these proceedings pending the outcome of concurrent administrative proceedings relating to the plaintiff's allegations.

The plaintiff's response to the defendant's motion to dismiss raises numerous counter-arguments to the defendant's motion. However, none of the plaintiff's responses raise issues unique from those in his second amended complaint. In addition, the reply fails to raise any significant legal argument responsive to the motion to dismiss which is not already addressed in the second amended complaint.

ANALYSIS

*Immunity from Suit Under the Eleventh Amendment*

The defendant, the California Department of Drug and Alcohol Programs, argues that the complaint must be dismissed because it, as a political subdivision of the State of California, is immune from suit under the Eleventh Amendment. The Eleventh Amendment

states that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State."  The Court has extended the provision to protect against suits by citizens against their own states.  See Kimel v. Florida Bd. Of Regents, 528 U.S. 62, 72-73, 120 S. Ct. 631, 145 L.Ed.2d 522 (2000); College Savings Bank v. Florida Prepaid Postsecondary Ed. Expense Bd., 527 U.S. 666, 669-670, 119 S. Ct. 2219, 144 L.Ed.2d 605 (1999).

Exceptions exist to the rule of sovereign immunity.  One of those exceptions is waiver by the state.  "The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state."  Romano v. Bible, 169 F.3d 1182, 1185 (9th Cir.1999) (citing Pennhurst v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900 (1984)); see also Durning v. Citibank, N.A., 950 F.2d 1419, 1422-23 (9th Cir. 1991) (stating the Eleventh Amendment bars virtually all suits seeking relief against a state, an "arm of the state," or its agencies).  Furthermore, Congress can abrogate state sovereignty pursuant to a valid exercise of power; however, this abrogation must be in clear and unequivocal language.  Seminole Tribe v. Florida, 517 U.S. 44, 55, 116 S. Ct. 1114, 1123, 134 L.Ed.2d 252 (1996).

Despite the defendant's attempts to characterize the plaintiff's complaints as violations of the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. 12101, et seq., the plaintiff alleges three causes of action; two of which are raised under Title VII of the Civil Rights Act of 1964.[1]  42 U.S.C. § 2000e, et seq.  These actions include an allegation that the plaintiff

---

[1] The court takes notice of the defendant's argument that the plaintiff has failed to state a jurisdictional basis for this action because of his citation to Title VIII of the Civil Rights Act (The Fair Housing Act), instead of the proper source of law, Title VII.  Pro se pleadings are liberally construed.  See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S. Ct. 594, 595-96 (1972); Balistreri v. Pacifica Police Dep't., 901 F.2d 696, 699 (9th Cir. 1988).  The court, in its liberal construction of the plaintiff's complaint, has understood the plaintiff to be referring to Title VII.  The court cannot rule that the plaintiff's de minimis mistake, nor his failure to follow the proper form, is sufficient prejudice to the defendant to warrant dismissal.  The pleadings require a short and plain statement that includes "sufficient allegations to put defendants fairly on notice of the claims against them."  McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991); see Conley

was improperly denied promotion based upon his national origin and an allegation that he has been retaliated against as a result of his complaints of discrimination. In a 1972 amendment to Title VII of the 1964 Civil Rights Act, Congress, acting through its power under Section 5 of the Fourteenth Amendment, expressly included state governments and their political subdivisions with the Civil Rights Act's protections. Fitzpatrick v. Bitzer, 427 U.S. 445, 449 n.2, 96 S.Ct. 2666, 2668 n.2, 49 L.Ed.2d 614 (1976). Consequently, as the case relates to the plaintiff's claims under Title VII, the defendant is not immune under the Eleventh Amendment from suit.

However, in his third allegation, the plaintiff contends that the defendant failed to accommodate his diabetic condition; forcing him into stressful situations that raised his blood sugar, and requiring him to work in hot, desert conditions which aggravated his condition. The plaintiff raises these allegations as both evidence of retaliation under Title VII and as violations of the ADA. To the extent that they comprise alleged violations of the ADA, sovereign immunity applies to bar suit by the plaintiff. See Bd. of Trustees of University of Alabama v. Garrett, 531 U.S. 356, 374, 121 S. Ct. 955 (2001).[2]

*Exhaustion of Remedies*

Before bringing a Title VII action in federal court, a plaintiff must first exhaust administrative remedies by filing a timely charge with the Equal Employment Opportunity

---

v. Gibson, 355 U.S. 41, 47, 78 S. Ct. 99, 102 (1957); Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (vague and scanty allegations fail to satisfy the notice requirement of Rule 8); 5 C. Wright & A. Miller, Federal Practice and Procedure § 1202 (2d ed. 1990). In this case, the defendant has responded coherently and completely to the allegations, clearly aware of the fact that they allege violations of the plaintiff's civil rights. In addition, the defendant has extensive knowledge of their factual basis as a result of this complaint and the numerous administrative complaints lodged by the plaintiff.

[2] The court construes plaintiff's ADA claim as an alleged violation of Title I of the Act. Title I of the Act applies to employment discrimination. Consequently, sovereign immunity applies under Garrett. However, in this circuit, sovereign immunity does not apply to Title II of the Act, applicable to discrimination by public services. Id. ("We are not disposed to decide the constitutional issue of whether Title II...is appropriate legislation under §5 of the 14th Amendment.); Dare v. California, 191 F.3d 1167 (9th Cir. 1999) ("This circuit has held that in enacting Title II of the ADA, Congress validly abrogated state sovereign immunity pursuant to its Fourteenth Amendment powers."); Clark v. California, 123 F.3d 1267, 1270-71 (9th Cir. 1997).

Commission (EEOC). See Sommantino v. United States, 255 F.3d 704, 707 (9th Cir. 2001); EEOC. v. Farmer Bros. Co., 31 F.3d 891, 899 (9th Cir.1994).[3] This charge must be filed within 180 days of the last discriminatory act (or within 300 days in a state, such as California, which has its own anti-discrimination laws and agency). See 42 U.S.C. S 2000e-1. The district court complaint must be filed within 90 days of receipt of a Right-to-Sue Letter from the EEOC. See id. § 2000e-5(f)(1). The scope of the district court's jurisdiction is limited by the allegations contained in the EEOC charge and the EEOC investigation. See Farmer Bros. Co. 31 F. 3d at 891.

The exhaustion requirement, however, does not bar a plaintiff from seeking judicial relief for incidents or claims of discrimination not raised in the EEOC charge, if the new incidents or claims are like or reasonably related to the allegations of the EEOC charge. Sosa v. Hiraoka, 920 F.2d 1451, 1456 (9th Cir. 1990); Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir.1973). Moreover, EEOC charges are given a broad construction because they are often framed by those without the technical knowledge required for formal pleading. Kaplan v. International Alliance of Theatrical and Stage Employees, 525 F.2d 1354, 1359 (9th Cir.1975). New claims or incidents of discrimination can be like or reasonably related to allegations of the EEOC charge if they fall "within the scope of the EEOC's actual investigation or an EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." Yamaguchi v. U.S. Dep't of the Air Force, 109 F.2d 1475, 1480 (9th Cir.1997).

The purpose of exhaustion is to resolve disputes prior to reaching the courts. The importance of the exhaustion of administrative remedies is to provide an agency forum within which to secure voluntary compliance by an organization. Ong v. Cleland, 642 F.2d 316 (9th Cir. 1981) (citing Sanchez v. Standard Brands, Inc., 431 F.2d 455, 467 (5th Cir. 1970). As a

---

[3] This requirement is subject to waiver, estoppel, and equitable tolling. See Zipes v. Trans World Airlines, 455 U.S. 385, 398 (1982)

result, the lack of a perfect fit between the administrative charge and the complaint does not warrant dismissal if the policy of promoting conciliation has been served by the complaint. Montgomery v. Rumsfeld, 572 F.2d 250, 253 (9th Cir. 1978).

In this case, there appear to be no additional claims not reasonably related to those already investigated by the EEOC. Plaintiff's original complaint with the EEOC filed on June 6, 2005, encompass allegations of discrimination and retaliation based on race and national origin. His complaint filed with this court includes those same allegations, adding new allegations of retaliation that occurred in April and September of that year. All incidents in this complaint, whether reported to the EEOC or not, are reasonably related as they describe an ongoing discriminatory practice and therefore comprise similar allegations. Compare Anthony v. County Bd. of Supervisors, 898 F. Supp. 1435 (E.D.Cal. 1995) (plaintiff's claims of ongoing harassment sufficient to define scope of Title VII action) with Ong, 431 F.2d at 316 (plaintiff's later complaint of constructive discharge following initial complaint of discrimination in promotion was dismissed because it was not administratively exhausted). Dismissal on the basis of a failure to exhaust administrative remedies is not appropriate.

*Abstention*

The concern for comity and federalism require the courts to refrain from interfering in pending state civil proceedings where important state interests are involved. Huffman v. Pursue, Ltd., 420 U.S. 592, 95 S. Ct. 1200, 43 L.Ed.2d 482 (1975); Juidice v. Vail, 430 U.S. 327, 97 S. Ct. 1211, 51 L.Ed.2d 376 (1977). This doctrine of abstention applies to state administrative proceedings where there is an ongoing state judicial proceeding that implicates an important state interest and that provides a full and fair opportunity to litigate a claim. See Younger v. Harris, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971); Gibson v. Berryhill, 411 U.S. 564, 576-577, 93 S. Ct. 2371, 2377, 60 L.Ed.2d (1973); Middlesex County Ethic Committee v. Garden State Bar Assn., 457 U.S. 423, 102 S. Ct. 2515, 73 L.Ed.2d 116 (1982). While Younger abstention typically requires dismissal by the court, a stay of the proceedings is

appropriate where there has been a claim for damages. Gilbertson v. Albright, 381 F.3d 965 (9th Cir. 2004). In analyzing this case, it is clear that Younger abstention is appropriate.

At present, there is an ongoing action involving the parties before the State Personnel Board (SPB) of the State of California. The plaintiff initiated this SPB action prior to commencement of this suit, and hearings in the case before an administrative law judge are scheduled for late July and early August. There is no requirement that the state initiate the action, and an ongoing appeal of a personnel decision by an administrative agency is sufficient to meet the Younger requirement. See Dowden v. City of Sacramento, 40 F. Supp. 2d 1146 (E.D.Cal. 1996) (upholding abstention pending appeal by federal plaintiff of suspension and demotion to Civil Service Board).

A judicial proceeding is not necessarily limited to criminal or civil trials, but may also encompass administrative proceedings that satisfy the Younger elements. A judicial inquiry is one that "investigates, declares, and enforces liabilities as they stand on present or past facts and under laws supposed already to exist." New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 370, 109 S. Ct. 2506, 105 L.Ed. 2d 298 (1989). State administrative proceedings that accomplish the judicial purpose of providing an opportunity for the parties to be heard on the facts before a final determination is made by a neutral magistrate qualify for abstention. Ohio Civil Rights Comm'n v. Dayton Christian Schools, 477 U.S. 619, 627 n.2, 106 S. Ct. 2718, 91 L.Ed.2d 512 (1986) (abstaining where the federal plaintiff challenged a civil rights action brought by the state administrative agency); Middlesex, 457 U.S. at 432-34 (abstaining where the federal plaintiff brought suit to enjoin an administrative disciplinary action brought against him by the state bar's ethics committee).

Furthermore, the state has an important and substantial interest in the personnel system of its employees. See Fresh Int'l Corp. V. Agricultural Labor Relations Bd, 805 F.2d 1353 (9th Cir. 1986) (citing Court's approval in Dayton of cases abstaining in teacher termination proceedings). This interest is compounded when claims of civil rights violations are

involved. See Dayton, 477 U.S. at 626-628. The state has a strong interest in this dispute between the plaintiff and the defendant in which the plaintiff claims an unfavorable employment decision and retaliation based upon his race and national origin.

A state administrative proceeding fails to provide a full and fair opportunity to litigate a claim only when "the procedural laws bar presentation of the claims." Dubinka v. Judges of Superior Court, 23 F.3d 218, 224 (9th Cir. 1994). The appeal by the plaintiff to the SPB will be heard by an Administrative Law Judge. Furthermore, the procedural rules of the SPB require hearings to be open to the public; permit representation, discovery, the calling of percipient and expert witnesses; and allow petitions for a rehearing. Cal. Code Regs. tit. 2, 51.4, 51.5, 57.1, 57.2, 51.7 (2006). Furthermore, California law permits appeal of the SPB's decision to the superior court by way of a petition for a writ of mandate. See Cal.Civ.Proc. Code § 1094.5 (2000); Lomeili v. Dep't of Corrections, 134 Cal. Rptr. 2d 179, 108 Cal. App. 4th 788 (2003); Pollack v. State Personnel Board, 107 Cal. Rptr. 2d 39, 88 Cal. App. 4th 1394 (2001). Because California courts are "required to exercise [their] independent judgment in reviewing the SPB's ruling," all claims, be they constitutional or statutory, can be fully and fairly asserted. See Dowden, 40 F. Supp. 2d at 1149 n.1 (quoting Barber v. Long Beach Civil Serv. Comm'n, 53 Cal. Rptr. 2d 4, 8, 45 Cal. App. 4th 652, 658 (1996). The procedures in place for the plaintiff meet the necessary requirements for procedure and provide a complete opportunity to litigate his claims. See Id. at 1150 (finding Civil Service Board procedures which permit calling witnesses and presenting evidence sufficient).

IT IS HEREBY RECOMMENDED that defendant's motion to dismiss, filed March 24, 2006, be granted in part and denied in part. To the extent that the plaintiff raises any claim under the Americans with Disabilities Act, it is recommended that the motion to dismiss be granted. To the extent that the plaintiff raises claims under Title VII of the 1964 Civil Rights Act, it is recommended that the motion to dismiss be denied. It is further recommended that the

\\\\\

case be stayed pending completion of the state administrative proceedings (State Personnel Board).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within ten (10) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten (10) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 5/4/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:kr
kakwani2388.mdm3.wpd